ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA      2006 JAN 12 PM 3: 38

STATESBORO DIVISION      CLERK L. Flanders
SO. DIST. OF GA.

| | |
|---|---|
| DANIEL A. SPOTTSVILLE, | ) |
| Plaintiff, | ) |
| v. | ) CV 605-148 |
| JIM WETHERINGTON et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff seeks to commence the above-captioned case under Title 42, United States Code, Section 1983. He also seeks to proceed *in forma pauperis* ("IFP"). After a review of plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice as a sanction for plaintiff's abuse of the judicial process.

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, Title 28, United States Code, Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.[1]

The Eleventh Circuit concluded that Section 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of Section 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[2] Doc. 1, Compl. form, pp. 1-3. In the spaces reserved for marking "Yes" or "No," plaintiff marked "Yes," but he listed only a case brought in the Southern District of Georgia docketed CV 600-21. Id. at 2, 3. Plaintiff's responses were made under penalty of perjury on November 30, 2005. Id. at 6.

The Court is aware that plaintiff has a more extensive filing history than that disclosed on his complaint. He has filed at least three prior civil actions that were dismissed

---

[1]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted).

[2]Under the question concerning whether a prisoner has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. Doc. 1, Compl. form, p. 2.

for failure to state a claim on which relief may be granted. Spottsville v. Smith, CV600-21 (S.D. Ga. Mar. 7, 2001); Spottsville v. Georgia, CV400-60 (M.D. Ga. June 6, 2000); Spottsville v. Marion Co. Sheriff, CV409-163 (M.D. Ga. Feb. 9, 2000).

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[3]

---

[3]The court in Parker ruled as follows:

> The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here Plaintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be

Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that plaintiff's motion to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice as a sanction for plaintiff's abuse of the judicial process.[4]

SO REPORTED and RECOMMENDED this 12th day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ -J-10 (M.D. Fla. May 2, 1996).

[4] The practice of dismissing a case as a sanction for providing false information about a prior filing history has been previously utilized in the Southern District of Georgia. E.g., Shaw v. Smith, 6:2003-cv-00066 (S.D. Ga. May 30, 2003).

4